The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH M. SCHNELL and SIDNEY GILBERT, each individually and a marital community comprised thereof,

    Plaintiff,

vs.

STATE FARM INSURANCE COMPANY, a foreign insurance company,

    Defendant.

**Case No.: 3:13-cv-05114 RBL**

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOTE ON MOTION CALENDAR: January 10, 2014

COMES NOW Plaintiffs Kenneth Schnell and Sidney Gilbert, by and through their undersigned counsel, and files this Opposition to Defendant State Farm Insurance Company's Motion for Summary Judgment.

### I.    <u>RELEIF REQUESTED</u>

It is respectfully requested that the Court deny Defendant State Farm Insurance Company's Motion for Summary Judgment.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

## II. EVIDENCE RELIED UPON

1. Declaration of Jack Thomas;
2. Declaration of Kenneth Schnell; and
3. Declaration of Spencer Freeman.

## III. FACTS

Ken Schnell and Sidney Gilbert owned residential property located at 33910 2nd Avenue Court East, Roy, Washington. They purchased a homeowner's insurance policy from State Farm, Policy Number 47-GG-4153-9, to provide protection from losses that may result from accidental damage to the home and personal property contained in the home. The Policy had limits of $205,900 for the structure and $154,425 for personal property, among other coverages. *Declaration of Kenneth Schnell In Opposition to Defendant Motion for Summary Judgment ("Decl. K. Schnell"),* p 2, ¶ 3; *Declaration of Jack Thomas In Opposition to Defendant Motion for Summary Judgment ("Decl. J. Thomas"),* p 2, ¶ 3.

On or about January 22, 2010, the Schnell/Gilbert property suffered severe and substantial damage as a result of a fire. Prior to the fire, in the process of a divorce, Ken Schnell and Sidney Gilbert moved out of the residence, while still owning the property and residence. *Decl. K. Schnell,* p 2, ¶ 4; *Decl. J. Thomas,* p 2, ¶ 4.

In September, 2009, Ken Schnell rented the property on a month to month basis to Richard Castleman, who moved in immediately upon agreement. While some of Plaintiffs' personal property items remained in the residence and other buildings that were on the property, the lease agreement was solely and specific to the real property and the residence, not including any of Schnell's personal property therein. The lease agreement was signed on September 19, 2009. *Decl. K. Schnell,* p 2, ¶¶ 5-8, Ex. A.

Schnells' intention in leaving personal property at the time of leasing to Castleman was to have the personal property stored at the residence, to be removed later at his own discretion.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

The personal property was not part of the lease agreement. *Decl. K. Schnell,* p 2, ¶¶ 8-9.

There were discussions between Mr. Schnell and Mr. Castleman of Mr. Castleman potentially purchasing the property. Mr. Schnell was open to the idea, if Mr. Castleman was able to obtain proper financing. However, contrary to later statements of Mr. Castleman, the agreement between the parties was not a lease with option to buy and there was no agreement promising Mr. Castleman the property. *Decl. K. Schnell,* p 3, ¶ 10.

Unbeknownst to Mr. Schnell at the time of the rental agreement, Mr. Castleman had a significant criminal history, including four convictions of possession of stolen property in the second degree, two convictions of theft in the second degree, one conviction of possession of stolen property in the first degree, among numerous other violent crimes convictions. During State Farm's investigation, State Farm became aware of Mr. Castleman's criminal history. Castleman was charged and convicted of unlawful possession with intent to deliver methamphetamine (possessing over a pound of meth). Based in large part to his criminal history, Castleman was sentenced to over five years in prison. State Farm conducted an interview of Castleman while he was in custody with the Washington State Department of Corrections. *Declaration of Spencer Freeman In Opposition to Defendant Motion for Summary Judgment ("Decl. S. Freeman"),* p 2, ¶¶ 2-3, Exs. A and B.

On or about February 18, 2010, State Farm took a recorded statement from Beth Stock. Ms. Stock knew both Mr. Schnell and Mr. Castleman. Knowing that Mr. Schnell was looking for a renter, she introduced the two. She was present when the lease agreement was signed. She was also present when it was expressly agreed by the parties that Mr. Schnell's personal belongings would remain in the house temporarily, and that Mr. Schnell would be able to come and pick them up when he wanted. Mr. Schnell's personal belongings were not a part of the lease agreement. *Decl. S. Freeman,* p 2, ¶ 4, Ex. C.

On or about February 25, 2010, State Farm took a recorded statement of Kenneth Schnell, wherein they questioned Mr. Schnell about his knowledge of the fire, the lease

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
- 3

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

agreement, and the Schnells' personal property located and stored at the property. While Ken stated that his furnishings were in the house at the time the lease agreement was signed, he also explicitly stated that it was expressly understood that he would be able to come and pick up his belongings at any time. His belongings that remained in the house were *not* a part of the lease agreement. *Decl. S. Freeman,* p 2, ¶ 5, Ex. D; *Decl. K. Schnell,* p 3, ¶ 12.

In May 2010, Plaintiffs formally retained a public adjuster licensed by the State of Washington Office of Insurance Commissioner to assist with adjusting, negotiating, and settling the claim with State Farm, as their efforts with the company were futile. On or about May 25, 2010, Plaintiff's public adjuster notified State Farm of representation and requested a certified copy of the insurance policy. *Decl. J. Thomas,* p 2, ¶ 5, Ex. A.

On or about June 11, 2010, State Farm sent the Schnells' public adjuster a letter acknowledging representation, and demanding the Schnells' sworn statement in proof of loss. State Farm also requested a complete inventory of all personal property items being claimed in the loss, acknowledging that the Schnells had sent a "preliminary list." There was no mention that State Farm was going to deny the personal property claim due to an assertion that the renter owned or leased the property. *Decl. J. Thomas,* p 2, ¶ 6, Ex. B.

On or about July 12, 2010, State Farm sent the Schnell's public adjuster a letter requesting the Schnells' sworn statement in proof of loss. State Farm also requested a complete inventory of all personal property items being claimed in the loss, acknowledging that Schnell had sent a "preliminary list." There was no mention that State Farm was going to deny the personal property claim due to an assertion that the renter owned or leased the property. *Decl. J. Thomas,* p 2-3, ¶ 7, Ex. C.

On or about September 14, 2010, Schnell submitted to State Farm the Proof of Loss, inclusive of an estimate to rebuild the structure, indicating that information supporting the personal property claim was still being calculated. On or about September 29, 2010, State Farm acknowledged the Schnells proof of loss and estimate to rebuild the structure. State Farm stated

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
- 4

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

that State Farm was neither accepting nor rejecting the claim, as investigations were continuing. On October 11, 2010, the Schnells requested State Farm to respond to their dwelling claim within fifteens days, as required by state regulations. *Decl. J. Thomas,* p 3, ¶ 8-9, Exs. D, E.

On October 22, 2010, State Farm stated that investigations into the Schnells dwelling claim were complete and that State Farm was reviewing State Farm's own construction estimates to determine whether any changes to State Farm's estimates were necessary based upon the construction estimates submitted by the Schnells. State Farm also requested a complete inventory of the personal property claim, having already received a preliminary list from the Schnells. There was no mention that State Farm was going to deny the personal property claim due to an assertion that the renter owned or leased the property. *Decl. J. Thomas,* p 3, ¶ 10, Ex. F.

On November 15, 2010, State Farm SIU adjuster and the Schnells public adjuster met at the loss site to review the damage to the dwelling. On November 17, 2010, State Farm sent the Schnells a letter stating that State Farm was reviewing State Farm's estimates and determining whether any changes were necessary. On December 16, 2010, nearly a year after the fire, State Farm acknowledged that the actual cash value of the damage to the dwelling on the Schnell property exceeded the policy limits, inclusive of applicable extensions, and sent the Schnells a check for the limits. State Farm did not assert a denial of coverage for the pending personal property claim. *Decl. J. Thomas,* p 3-4, ¶ 11, Ex. G.

On January 10, 2011, State Farm agreed to extend time for purposes of the Schnells personal property claim. This initial extension was expressly granted until April 22, 2011. On April 11, 2011, Plaintiff submitted to State Farm his Sworn Statement in Proof of Loss for his personal property claim, in the amount of $69,518.18 actual cash value. During the extension, discussions between the adjusters made clear that the April 22, 2011 deadline would be waived to permit State Farm to review and adjust the submission. *Decl. J. Thomas,* p 4, ¶ 12-13, Exs. H, I.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
- 5

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

On May 2, 2011, State Farm finally acknowledged receipt of the Schnells' formal Sworn Proof of Loss for their personal property claim, without rejecting or accepting the Proof of Loss. However, for the first time, State Farm asserted the position that the Schnells had leased the property to Renter with all personal property located at the premises, and therefore could not "extend coverage" for any of the personal property associated with the loss, other than items "stored in a sleeping room" on the property. State Farm indicated that its position was, in part, based upon statements of the Renter. *Decl. J. Thomas,* p 4, ¶ 14, Ex. J.

On June 1, 2011, State Farm sent Plaintiff a letter stating that their were updating their file with Schnell's personal property inventory and reviewing the same to determine if ay further documentation is needed to substantiate value of items being claimed. Mr. Schnell was advised that State Farm would follow up when review of the inventories was completed. *Decl. J. Thomas,* p 4, ¶ 15, Ex. K.

On July 1, 2011, State Farm issued a payment in the amount of $6,080.46 for State Farm's estimate of damage to items stored in a sleeping room on the property. There was no reference to the remainder of the claim. *Decl. J. Thomas,* p 4, ¶ 16, Ex. L.

On August 11, 2011, Schnell again informed State Farm that the personal property located inside the dwelling at the time of the fire was not leased to Castleman, and it was made clear that the property could and would be removed from the premise at Schnell's discretion. State Farm was also placed on notice that Castleman had severe credibility problems, alleged to have looted the property after the fire and was serving a long prison term for a criminal conviction for dealing methamphetamine. *Decl. J. Thomas,* p 5, ¶ 17, Ex. M.

On August 25, 2011, State Farm affirmed the denial of coverage for Schnell's personal property claim, stating that Policy coverage was not extended to "personal property that was rented with the insured location." State Farm indicated that in support of this position were the statement's of Kenneth Schnell in his February 2010 recorded statements. *Decl. J. Thomas,* p 5, ¶ 18, Ex. N.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
- 6

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

In October 2011, the Schnells requested that State Farm reevaluate the position regarding the personal property claim. Schnell once again informed State Farm that the personal property was *not* leased to Castleman, and that the items were left at the property until his own living situations were resolved – with full authority and ability to remove the items at any time. *Decl. J. Thomas,* p 5, ¶ 19, Ex. O.

On October 5, 2011, State Farm wrote Mr. Schnell and informed him that State Farm was reviewing their coverage decision, and would follow up with Mr. Schnell once this review was complete. State Farm also at this time confirmed that Mr. Schnell could cash the $6,080.46 check paid towards to personal property claim (items stored in a sleeping room). *Decl. J. Thomas,* p 5, ¶ 20, Ex. P.

On November 21, 2011, State Farm sent Schnell a letter stating that personal property coverage would be extended for a washer and dryer. However, the remainder of Schnell's personal property was deemed to have been "rented or held for rental" to Castleman and therefore not covered under the Policy. State Farm then issued a check on the amount of $2,423.69, representing the actual cash value of the washer and dryer. State Farm acknowledged that there was no support for Castleman's position that Mr. Schnell had given the personal property to Castleman. State Farm explicitly stated that the property was owned by Mr. Schnell. However, without any stated support, State Farm then determined that the personal property was rented to Castleman, in contradiction of Schnell's statements otherwise, and of the statement of Beth Stock. *Decl. J. Thomas,* p 5-6, ¶ 21, Ex. Q.

## IV. ARGUMENT

The purpose of summary judgment is to avoid an unnecessary trial when there is no genuine issue of material fact. However, a trial is absolutely necessary if there is a genuine issue as to any material fact. *Olympic Fish Products*, *Inc. v. Lloyd*, 93 Wn.2d 596, 611 P.2d 737 (1980); *Jacobsen v. Stay*, 89 Wn.2d 1045 569 P.2d 1152 (1977). Thus, a court must be cautious in granting a summary judgment so that worthwhile causes will not perish short of a

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
- 7

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

determination of their true merit. *Smith v. Acne Paving Co.*, 16 Wn.App. 389, 558 P.2d 811 (1976). If a genuine issue of fact exists as to any material fact, a trial is not useless; rather it is necessary. *Lish v. Dickey*, 1 Wn.App. 112, 459 P.2d 810 (1969).

A genuine issue of material fact exists where reasonable minds could reach different factual conclusions after considering the evidence. *Klinke v. Famous Recipe Fried Chicken, Inc.*, 94 Wn.2d 255, 616 P.2d 644 (1980). Furthermore, on a motion for summary judgment, a trial court is required to view all evidence, draw all reasonable inferences in favor of the nonmoving party, and deny the motion if the evidence and inferences create any question of material fact. *DeYoung v. Providence Med. Ctr.*, 136 Wash.2d 136, 140, 960 P.2d 919 (1998); *Scott v. Pacific West Mountain Resort*, 119 Wash.2d 484, 487, 834 P.2d 6 (1992).

Defendant State Farm has the initial burden of presenting evidence that there is no genuine issue as to any material fact and that the company is entitled to a judgment as a matter of law on Plaintiff's bad faith and consumer protection claims. However, genuine issues of material facts exist relating to whether State Farm unreasonably and untenably delayed agreeing to replacement cost value, whether State Farm unreasonably and untenably refused to pay the loss of rents claim, and whether State Farm unreasonably and untenably denied payment for the septic system. Since there are genuine issues of material fact, State Farm is *not* entitled to summary judgment, and its motion should be denied.

A. **State Farm Explicitly Waived the One-Year Suit Limitation Clause, Which Was Also Confirmed by State Farm's Actions.**

The doctrine of waiver, in the context of insurance, requires that the insurers voluntarily and intentionally relinquished a known right *or* that their conduct is such that an inference of the relinquishment of such right is warranted. *Saunders v. Lloyd's of London*, 113 Wash.2d 330, 339-340, 779 P.2d 249 (1989), citing *PUD 1 v. WPPSS*, 104 Wn.2d 353, 365, 705 P.2d 1195 (1985). Voluntarily means a conscious decision to relinquish a right. Conduct, such as to give rise to an inference of the waiver of a right, cannot be consistent with any other interpretation

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
- 8

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

than intent to waive. *PUD 1*, 104 Wn.2d at 365. The insurer must know that certain conduct has the effect of relinquishing a right. *McDaniels v. Carlson*, 108 Wn.2d 299, 308, 738 P.2d 254 (1987). The focus for waiver, then, is on the insurer, not on the insured.

It is disingenuous of State Farm to now assert the one-year suit limitation provision as a defense to the bad faith action against them. Their argument is that State Farm could not have acted in bad faith because the passing of the one-year suit limitation means that they have no duties under the policy, and all actions alleged in the complaint occurred after the one year anniversary of the fire.

State Farm actions clearly established that State Farm waived the one-year suit limitation provision. State Farm expressly extended the limitation period until April 22, 2011. Thereafter, State Farm continuously and actively adjusted the claim, including continually inviting and requesting Schnell to submit more information regarding the personal property claim. Moreover, State Farm issued a payment in July 2011 towards the personal property claim. In October 2011, State Farm affirmed that the July 2011 payment could be cashed without any compromise to the remainder of the claim. In November 2011, State Farm issue yet another payment on the personal property claim. On several occasions throughout the last half of 2011, State Farm not only invited Schnell to provide further information, but also specifically information Schnell that State Farm was in the process of re-evaluating its coverage position.

State Farm's actions in continually re-evaluating a coverage position *and* issue payments pursuant to a policy provision are clear acts that waive a suit limitation provision. At a minimum, there is a material issue of fact as to whether State Farm waived the one-year suit limitation provision.

**B.     Bad Faith Claims.**

Washington's insurance bad faith law derives from statutory and regulatory provisions, and the common law. *St. Paul Fire & Marine Inc. Co. v. Onvia, Inc.,* (2008) 2008 WL 5006458. The law of bad faith insurances practices in the State of Washington is based from two main

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
- 9

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

sources, statutory duty of good faith and case law defining the duty of good faith, and duties enumerated in the Washington Administrative Code, regulating the actions of insurance companies during claims administration.

In addition to being statutorily mandated, the duty of good faith between an insurer and an insured arises from a source akin to a fiduciary duty. *Id.* This quaisi-fiduciary relationship implies *more than honesty and lawfulness of purpose* which comprises a standard definition of good faith; it implies a ***broad obligation of fair dealing*** and ***a responsibility to give equal consideration to the insured's interest***. *Id.*

A claim of bad faith is analyzed applying the same principles as any other tort: duty, breach of duty, and damages proximately caused by the breach of the duty. *St. Paul Fire & Marine Inc. Co. v. Onvia, Inc.,* (2008) 2008 WL 5006458, *citing Mut. Of Enumclaw Inc. Co. v. Dan Paulson Constr. Inc.,* 161 Wn.2d 903, 914, 169 P.3d 1 (2007); *and Safeco Ins. Co. of Am. V. Butler,* 118 Wn.2d 383, 389, 823 P.2d 499 (1992). The breach must have been unreasonable, frivolous, or unfounded as opposed to a good faith mistake. *See Sharbono v. Universal Underwriters Inc. Co.,* 139 Wn.App. 383, 161 P.3d 406 (2007); *and Kirk v. Mt. Airy Ins. Co.,* 134 Wn.2d 558, 560, 951 P.2d 1124 (1998).

As defined by the Washington State Supreme Court in *St. Paul Fire & Marine Inc. Co. v. Onvia, Inc.,* (2008) 2008 WL 5006458, an insurer owes its insured a broad duty of fair dealing and responsibility to give equal consideration to the insured's interest. A breach of this duty does not require intentional bad faith or fraud. *Sharbono v. Universal Underwriters Inc. Co.,* 139 Wn.App. 383, 161 P.3d 406 (2007).

***The question of whether an insurer acted in bad faith is one of fact***. *St. Paul Fire & Marine Inc. Co. v. Onvia, Inc.,* (2008) 2008 WL 5006458. The bad faith action of an insurance company is a violation of the Consumer Protection Act. *Gingrich v. Unigard Sec. Ins. Co.,* 57 Wn. App. 424, 433, 788 P.2d 1096 (1990), *citing Salois v. Mutual of Omaha Ins. Co.,* 90 Wn.2d 355, 359, 581 P.2d 1349 (1978).

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
- 10

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

The unreasonableness of State Farm's denial of Schnell's personal property claims (other than items in a sleeping room and a washer and dryer) is clear. State Farm ignored the statements of both Mr. Schnell *and* Beth Stock, an unbiased uninterested person. Each stated separately that the personal property that Mr. Schnell left at the Roy residence when it was rented not only remained Mr. Schnell's, but it was expressly understood that the property was available to Mr. Schnell at his discretion, whenever he decided to come get it. The personal property was *not* the subject of the written lease agreement.

Regarding Mr. Castleman, State Farm accepted Mr. Castleman's representations that he would have walked away from the lease agreement had the personal property been removed by Mr. Schnell as that would have changed their agreement. It is unreasonable for State Farm to accept these representations. State Farm found Castleman's other representations to have no merit, specifically that Mr. Schnell gave Castleman the property. There is articuable reason to accept some representations by Castleman while at the same time discrediting other representations. This is especially true considering Castleman's extensive history of felony convictions, including numerous crime of dishonesty. It was unreasonably to grant any credibility to any of Castleman's representations, which had no corroborating evidence. In fact, the only other statements specific to the issue directly contradicted Castleman – and one of those persons, Beth Stock, was a disinterested person.

State Farm further interprets certain statements by Mr. Schnell's in his recorded statement to mean that he rented his personal property to Mr. Castleman. However, State Farm's interpretation of the statements directly conflicts with clear and unequivocal statements of both Mr. Schnell and Beth Stock – that the property left by Mr. Schnell was not the subject of a lease agreement and was able to be picked up by Schnell at his discretion.

At a minimum, there is a material issue of fact as to whether State Farm acted reasonably in accepting certain representations of Castleman and determining that Schnell had rented out the property to Castleman in conjunction with the residence.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
- 11

FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)

## V. CONCLUSION

For the reasons stated herein, it is requested that the Court deny Plaintiff's Motion for Summary Judgment.

DATED this 6th day of September, 2013.

                FREEMAN LAW FIRM, INC.

                */s/ Spencer D. Freeman*
                Spencer D. Freeman, WSBA # 25069
                Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

I, Spencer D. Freeman, do hereby certify that on the 6th day of January 2014 2013, I caused true and correct copies of the following:

1. Plaintiffs' Opposition to Motion for Summary Judgment;

2. Declaration of Jack Thomas;

3. Declaration of Kenneth Schnell;

4. Declaration of Spencer Freeman; and

5. this Certificate of Service

to be served on Defendant's counsel of record:

Daniel L. Syhre dshyre@bpmlaw.com,

Joseph D. Hampton jhampton@bpmlaw.com,

Kathryn Naegeli Boling kboling@bpmlaw.com

by filing a copy of the same with the Clerk of the Court using the court's CM-ECF system. By the terms of their agreement and the rules of the court, they will be served with a copy of the same via the CM-ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Tacoma, Washington,

DATED this 6th day of January 2014.

**FREEMAN LAW FIRM, INC.**

By:_s/ Spencer D. Freeman_____
Spencer Freeman
Attorney for Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
- 13

**FREEMAN LAW FIRM, INC.**
1107 ½ Tacoma Avenue South
Tacoma, WA 98042
(253) 383-4500 - (253) 383-4501 (fax)