HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH M. SCHNELL,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | CASE NO. C13-5114 RBL<br><br>ORDER DENYING STATE FARM'S MOTION FOR SUMMARY JUDGMENT<br><br>[DKT. # 13] |

This matter is before the Court on State Farm's Motion for Summary Judgment [Dkt. # 13]. The Schnells[1] purchased a State Farm insurance policy that covered their house and personal property. The policy did not cover personal property that was rented to others. Mr. Schnell rented his house to Richard Castleman and left his personal property inside. A fire destroyed his home and the personal property in it.

State Farm investigated the loss and ultimately determined that Mr. Schnell rented most of his personal property with the house. State Farm denied coverage for most of the personal property. It did so after the policy's one year suit limitation period expired.

---

[1] Mr. and Ms. Schnell are both Plaintiffs, but this Order will refer to Mr. Schnell in the singular because he dealt with the contested personal property.

ORDER- 1

Schnell sued, claiming generally that State Farm investigated and adjusted his claim in bad faith.  State Farm moves for summary judgment, arguing that Schnell cannot demonstrate damage as a matter of law because he had no right to any additional payment after the expiration of the policy's one-year suit limitation period.  State Farm also argues that its determination that Schnell's personal property was rented to Castleman was reasonable as a matter of law.

Schnell argues that State Farm waived its right to rely on the suit limitation period, and acted unreasonably in determining the personal property's rented status.

## I.   BACKGROUND

Schnell's State Farm Policy insured his house and his personal property from damages resulting from accidental losses. It did not cover personal property that was rented to others:

**2. Property Not Covered**. We do not cover:

g. property regularly *rented or held for rental to others* by an insured.

[Dkt. #14-1, p. 8]

The Policy also included a one-year suit limitation provision:

**Suit Against Us**. No action shall be brought unless there has been compliance with the policy provisions. *The action must be started within one year after the date of loss or damage*.

[Dkt. #14-1, p. 10 (emphasis added)]

Schnell's neighbor, Beth Stock, introduced him to a potential renter, Castleman.   Schnell and Castleman signed a lease agreement in September 2009, but it did not specifically refer to the personal property items that Schnell left behind in the house.

On January 22, 2010, a fire destroyed the house and the personal property in it.  Schnell submitted a claim, and State Farm assigned Claim Representative Charles Boyd to investigate. Boyd conducted a series of interviews in late February 2010.  In her interview, Stock told Boyd

that Schnell left his personal property with the house until he needed it, and at that time he and Castleman would arrange for Schnell to retrieve it. [Dtk. #19, Stock Dec., 29.]  On the other hand, Castleman claimed that Schnell told him that he would retrieve only the washer and dryer, out of all the personal property left at the house.  Meanwhile, while Schnell admitted that he rented the house fully furnished, he stated that the rental agreement did not include the personal property and he intended to retrieve it at his will:

> [Boyd]: …in the rental agreement…or in the agreement with Ricky…did it say that all the furnishings were to stay with the house and be rented with the house?
>
> [Schnell]: No…It didn't refer to any of that in the rental agreement…basically, it was a verbal agreement to whereas – like, as soon as I needed the stuff or if I had, you know, my own- or whatever happened, you know, it's my stuff that I will come [get]."

[Dtk. #19, Schnell Interview, 32.]  Boyd even acknowledged that Schnell and Castleman gave differing accounts:

> [Boyd]:  I'm being told from Ricky that when you left, he said, 'Hey, what do I do with the rest of the stuff in this house,' and you're like, 'Hey, you can keep it.' And then you left.  Now, from what you're saying, that's not how things played out, and I don't know if that's a miscommunication between you and Ricky or an assumption on Ricky's part of what exactly went down…what you're saying is that it was all still yours.  He could use it.  It was rented with the house.
>
> [Schnell]:  Right.

[Dtk. #19, Schnell Interview, 34-35.]

In May 2010, Schnell retained Public Adjuster Jack Thomas to assist with his insurance claim.  State Farm wrote Thomas in June and July 2010, requesting Schnell's Proof of Loss statements and a complete inventory of all damaged personal property items.  In August 2010, Thomas informed State Farm that Schnell's divorce proceedings and mortgage issues had delayed him from completing the Proof of Loss.

Thomas sent State Farm a Proof of Loss for the house on September 24, 2010, but requested an extension of the one-year suit limitation period for the personal property Proof of Loss. State Farm extended the one-year suit provision until April 22, 2011. Thomas sent the personal property Proof of Loss on April 12, claiming $69,518.18. State Farm did not confirm receipt of the Proof of Loss until May 2—after the limitations period expired—when it told him the bulk of the personal property was not covered because it had been rented to Castleman.

Nevertheless, on June 1, State Farm confirmed that it was continuing to investigate Schnell's inventory lists. On July 1, State Farm sent Thomas $6,080.46 for the portion of the personal property claim that it agreed was covered. In early August, Thomas objected to State Farm's determination that the personal property was rented. State Farm responded that its decision was based in part on Schnell's own recorded statements. State Farm conducted further investigations and interviewed Castleman a second time, and determined that Schnell did not rent the washer and dryer to Castleman. It sent Thomas $2,423.69 for the washer and dryer on November 21, 2011.

Thomas and State Farm continued to debate the rented status of the remaining personal property. Thomas notified State Farm on December 28, 2011 that Schnell would sue in the next thirty days. Schnell filed a complaint alleging breach of good faith and unfair business practices on January 16, 2013. They did not sue for breach of the insurance contract itself.

State Farm moves for summary judgment on two grounds: First, that its denial of the personal property claim did not cause harm—a required element of Schnell's bad faith claim—as a matter of law, because the suit limitation period had already expired and there was no enforceable right to payment, regardless of the outcome of the claim adjustment.

Second, State Farm argues that its actions—taking Schnell and Castleman at their word about the rented status of the disputed personal property—were reasonable as a matter of law.

## II.    DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### B.    The Expiration of the Suit Limitation Period Does Not mean that Schnell Was Not Harmed as a Matter of Law.

State Farm's primary argument is that Schnell was not harmed by any bad faith because by the time it occurred, the limitations period had expired and he had no legally enforceable right to anything.  After that time, they claim, "State Farm had no enforceable duty to pay anything at all."  State Farm is quick to point out that it is not claiming that the one year limitations period applies to the bad faith claims; they concede (as they must) that it does not. *See O'Neill v.*

*Farmers Ins. Co. of Wash.*, 124 Wn. App. 516 (2004)(contractual limitations periods do not apply to bad faith and CPA claims).  Instead, State Farm claims that this case presents the "unique" situation where the bad faith occurs after the limitation period's expiration, resulting in there being no enforceable duty NOT to engage in bad faith.

Schnell argues that State Farm waived the one year limitation period, both expressly and by

• continuing to investigate and adjust the claim;

• making a payment in July —three months after the extended period expired ;

• affirming that that check could be cashed without prejudice to the remainder of the claim;

• making another payment in November; and

• generally inviting Schnell and Thomas to submit more information and assuring them that they were re-evaluating their coverage position after the expiration of the extended suit limitation period.

State Farm points out that a Washington statute specifically permits insurers to continue to investigate a claim without waiving any policy provisions or defenses.  *See* RCW 48.18.470.

But State Farm does not address the broader implications of its core argument—that the expiration of the suit limitation period *does* effectively terminate an insured's bad faith claim, because he cannot suffer harm after that date.  Indeed, what makes this case unusual, though not unique, is that State Farm did not deny the claim until the period had expired.  Under State Farm's reasoning, an insurer could make that a standard practice and enjoy immunity from both contractual and extra-contractual claims—the insured's contractual claims would be barred and he could not demonstrate any harm resulting from the patently unfair claims practice.

Other courts have recognized this issue, making the obvious point that it would in virtually every case be premature for an insured to sue his insurer before it had denied his claim. *See Prudential-LMI Com. Insurance v. Superior Court*, 798 P.2d 1230, 1233 (Cal. 1990) (In California, suit limitation periods are tolled between the claim and the insurer's formal rejection of it). Washington does not have a parallel rule, but as Judge Jones noted in *F.C. Bloxom Co. v. Fireman's Fund Ins. Co.*, 2012 WL 1377657 (W.D. Wash.), Courts in this jurisdiction frequently find that the suit limitation period is equitably tolled until the insurer denies the claim. Additionally, State Farm's denial was based on information it learned much earlier. These facts, plus its continued investigation, claims processing, assurances to Schnell, and re-evaluation of its coverage position after the period expired all support a jury finding that he restriction was waived or that State Farm is equitably stopped from asserting it.

The parties have not cited, and this Court has not found, a case directly supporting State Farm's claim that it is free to act in bad faith (or in violation of various statutes governing its conduct as an insurer) once the suit limitation period expires, because after that date there can be no harm as a matter of law. This is a novel claim, and the Court will not grant Summary Judgment on it on this record.

State Farm's "No Harm" Motion for Summary Judgment is DENIED.

**C.     The Reasonableness of State Farm's Actions Raise Issue of Fact.**

State Farm argues that its actions were reasonable as a matter of law—it relied on the statements of the two parties to the underlying lease to determine whether the personal property was rented.

Schnell argues that State Farm acted unreasonably because it misconstrued Schnell's statements, ignoring his explicit claim that the lease did *not* include the personal property.

Schnell also points out that Castleman's credibility[2] is and always has been suspect. Schnell argues that, at the very least, the reasonableness of State Farm's conduct is an issue of material fact.

To succeed on a bad faith claim, a policy holder must prove that the insurer's breach of the insurance contract was unreasonable, frivolous, or unfounded. *Smith*, 150 Wash.2d at 484 (2003) (quoting *Overton v. Consol. Ins. Co.*, 145 Wash.2d 417, 433 (2002)).  Whether an insurance company acted in bad faith is a question of fact. *Id*.  Summary judgment for bad faith claims may only be granted if no there are no disputed material facts about the reasonableness of the insurer's conduct under the circumstances. *Id*.  A court must deny summary judgment if reasonable minds could differ that the insurer's conduct was reasonable. *Id*. at 485 - 86.

Here, viewing the facts in a light most favorable to Schnell, a jury could find that State Farm acted unreasonably in covering a small percentage of Schnell's personal property claim. State Farm did not inform Schnell that it had determined that the personal property was rented until *after* the suit limitation period expired, even though it obtained the information it relied on to make that determination more than a year earlier.   It also considered only selected portions of Schnell's statements as a basis in determining that the property was rented.   Because an issue of material fact exists as to the reasonableness of this conduct, State Farm's Motion is DENIED.

IT IS SO ORDERED.

Dated this 18th day of March, 2014.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[2] Castleman is, among other things, a convicted drug dealer, and his claim that Schnell just "gave" him the property cannot be squared with State Farm's determination that he rented it.